Dear Mayor Grace:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment as Street Commissioner. We note that you had been serving as mayor and street commissioner since June 19, 1997, and you were then re-elected Mayor in March of 1999. R.S. 33:381(B) provided in part that "the street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides", and R.S. 33:426 sets forth the duties of the street commissioner. Act 836 of 1997, effective July 10, 1997, amended various provisions of the Lawrason Act, and deleted that portion of R.S. 381(B) that provided the mayor may be street commissioner, and amended R.S. 33:426 to provide as follows:
 The mayor may appoint a street commissioner subject to confirmation by the board of aldermen. The street commissioner shall, under the direction of the mayor and board of aldermen, have general control of the streets, alleys, avenues, and sidewalks; he shall see that they are always in proper repair; he shall have them worked, repaired, altered, paved, lighted, sprinkled, and everything else done that ought to be done to keep them in good repair and condition and he shall perform all other duties as directed by the mayor.
 Section 2. Any alderman serving as clerk and any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity.
 Section 3. This Act shall become effective upon signature by the governor * * * *.
 You present the following question:
 Does the reelection of a Mayor, who has been legitimately appointed as Street Commissioner pursuant to LSA R.S. 33:426 prior to the effective date of its amendment, act as a reappointment as Street Commissioner?
There is no question that when Act 836 of 1997 became effective on July 10, 1997, which prohibited a Mayor from serving as street commissioner, the Act specifically allowed the mayor to continue to serve in such capacity for that term, although R.S.33:386, as amended by Act 836, provides in Paragraph (D) that the term of the clerk, tax collector, non-elected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election. However, it further specified in the amendment of R.S. 33:426, entitled "street commissioner; duties", in Section 2, "Any alderman serving as clerk and any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity."
It is our opinion that the Mayor serving as street commissioner was able to serve as street commissioner beyond the effective date of the Act under the explicit provisions of the amendment. However, we find that the term of office of the mayor as street commissioner could be terminated at any time by the governing authority inasmuch as he was serving at the pleasure of the appointing authority. Based upon the provision that "the mayor may be street commissioner, if the board of aldermen so decides", this office stated in Atty. Gen. Op. No. 87-205 as follows:
 In accordance with the quoted provision, the mayor may be street commissioner if the board of aldermen decide to appoint him as street commissioner. It is not mandatory that the board of aldermen appoint the mayor as street commissioner, but they may make this appointment if they desire. The provision does not provide a tenure or term of office for this appointment so it can, in essence, be considered as an appointment where the officer serves at the pleasure of the appointing authority. Therefore, he can be removed whenever the appointing authority desires to remove him.
It was then concluded, "Thus, it is the opinion of this office that the board may fire or remove the mayor from his position as street commissioner."
Accordingly, we would conclude the reelection of the Mayor does not mandate that he holds the position as a reappointment, but until a successor is appointed under the law as amended. We find support for this conclusion by the fact that this office has observed that an appointee will remain in office until his successor is appointed.
Therefore, we must conclude a reelected Mayor who was serving as street commissioner on the date Act 836 1997 became effective would continue to serve until the board of aldermen confirms a new appointment. We particularly note that the amendment specifies that "any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity." We feel this indicates service is at the pleasure of the appointing authority, and can be terminated. Until there is another appointment, the Mayor would continue to act as the Street Commissioner under his previous appointment.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
RPI/bbr